### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| Frankie R., | |
|                 Plaintiff, | Civil No. 3:20-CV-01697 (TOF) |
| v. | |
| Kilolo Kijakazi,<br>Acting Commissioner of the<br>Social Security Administration, | April 3, 2023 |
|                 Defendant. | |

## RULING ON THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
## PURSUANT TO 42 U.S.C. § 406(b)

**I.    INTRODUCTION**

On January 11, 2023, the Plaintiff Frankie R.[1] filed a motion in this Social Security case, seeking an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 36.) After the Court pointed out defects in the Plaintiff's initial motions, he filed a Second Amended Motion for Attorney's fees on March 8, 2023, seeking attorney's fees in the amount of $17,744. (ECF No. 39.) On March 13, 2023, the Acting Commissioner of Social Security[2] ("Commissioner" or "Defendant") filed her response to the Plaintiff's Second Amended Motion for Attorney's Fees, deferring to the Court on the issues of the timeliness and reasonableness of the Plaintiff's Section

---

[1]    Pursuant to D. Conn. Standing Order CTAO-21-01, the Plaintiff will be identified solely by first name and last initial throughout this opinion.

[2]    When the Plaintiff filed this action, he named the then-Commissioner of the Social Security Administration, Andrew Saul, as the defendant. (Compl., ECF No. 1.) Commissioner Saul no longer serves in that office. His successor, Acting Commissioner Kilolo Kijakazi, is automatically substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). The Clerk of the Court is respectfully requested to amend the caption of the case accordingly.

406(b) fee request.  (ECF No. 40.)  The Plaintiff did not file a reply to the Commissioner's response, and his time for doing so has passed.  For the reasons that follow, the amended motion (ECF No. 39) is **GRANTED**, and the initial motions (ECF Nos. 33 and 36) are **DENIED AS MOOT**.

## II.   PROCEDURAL BACKGROUND

The Plaintiff's counsel, Attorney Meryl Anne Spat, represented the Plaintiff in an action before this Court commenced on November 12, 2020, in which the Plaintiff initially appeared *pro se*, for judicial review of the Commissioner's unfavorable decision denying the Plaintiff Social Security Disability benefits.  (Compl., ECF No. 1; ECF No. 25.)  On August 26, 2021, the Court remanded the case for further proceedings upon the consented filing of a motion for remand under Sentence Four of 42 U.S.C. § 405(g).  (ECF Nos. 27-29.)  The Plaintiff did not move for attorney's fees under the Equal Access to Justice Act ("EAJA").

Upon remand, an Administrative Law Judge ("ALJ") held a hearing, following which he entered a fully favorable decision.  (ECF No. 39, at 1-2.)  On October 25, 2022, the Social Security Administration issued a "Notice of Award," finding that the Plaintiff was due $70,897.10 in total past-due benefits for the period of March 2017 to November 2022.  (ECF No. 39, at 3; ECF No. 39-2.)  The Notice of Award advised that the sum of $17,724.28 was withheld from the Plaintiff's past-due benefits for the satisfaction of attorney's fees under Section 206(b) of the Social Security Act.  (ECF No. 39-2.)

On January 4, 2023, the Administration issued two additional Notices of Award, finding that the Plaintiff was due $24,540.00[3] and $1,917.00 in past-due benefits for his dependent children for the same period.  (ECF No. 39, at 3; ECF Nos. 39-4 and 39-5.)  The Notices advised that the

---

[3]      The Plaintiff wrote, $24,500 in his motion (ECF No. 39, at 3), but the notice of award states $24,540.

sums of $6,135 and $479.25, respectively, were withheld from the children's past-due benefits for the satisfaction of attorney's fees. (*Id.*) In sum, the total past-due benefits paid on behalf of the Plaintiff and his dependents is $97,354.10. Twenty-five percent of the total past-due benefits is $24,338.53.

On January 11, 2023, the Plaintiff moved for an award of attorney's fees in that amount. (ECF No. 33.) Before the Commissioner filed a response, the Court reviewed the Plaintiff's submission and noticed that the Plaintiff failed to include an itemized statement of the fees sought and the amount of time that his counsel spent working on the case. (ECF No. 34.) The Court explained that "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id.* (citing *Lesterhuis v. Comm'r of Soc. Sec.*, 408 F. Supp. 3d 292, 296 (W.D.N.Y. 2019)). The Court thus ordered the Plaintiff to refile his Motion and "provide the Court with an itemized statement of fees sought, including the number of hours claimed; a statement of whether the hours were incurred by an attorney, paralegal or other employee; and the hourly rate applied." (ECF No. 34.)

On January 25, 2022, the Plaintiff filed an amended Motion for Attorney's fees, with a Table of Services setting forth the number of hours claimed. (ECF No. 36-1.) The Commissioner filed her response on January 30, 2023, highlighting two deficiencies with the Plaintiff's submission. (ECF No. 37.) First, the Commissioner pointed out that the Plaintiff had appended the wrong fee agreement. (ECF No. 37, at 3.) The provided agreement was for representation at the administrative level and did not cover attorney's fees if the Plaintiff prevailed after filing a civil action. (ECF No. 33-2.) Second, since the Plaintiff failed to move for EAJA fees after securing a

remand, the Commissioner argued that the attorney's fee award should be reduced by the maximum amount of EAJA fees that the Plaintiff could have recovered.  (ECF No. 37, at 6-7.)

Courts in this Circuit regularly reduce § 406(b) awards in cases where plaintiff's counsel failed to move for EAJA fees after securing a remand, since such fees would have been returned to the plaintiff.  *E.g., Iliceto v. Sec'y of Dep't of Health & Hum. Servs.*, No. 83-cv-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990).  The Court agreed with the Commissioner on both issues and directed the Plaintiff to file a Second Amended Motion for Attorney's Fees.  (ECF No. 38.) The Plaintiff was also ordered to (1) clarify whether he executed a fee agreement for representation before the District Court, and if so, to append the agreement; and (2) show cause why the § 406(b) fee award should not be reduced by the maximum amount of EAJA fees that counsel could have recovered in this case.  (*Id.*)

On March 8, 2023, the Plaintiff filed his Second Amended Motion for Attorney's Fees. (ECF No. 39.)  He appended the correct fee agreement, which provided that Attorney Spat would receive 25% of a retroactive award of benefits if the civil action was successful.  (ECF No. 39-1.) The Plaintiff also conceded that the fee award should be reduced by the maximum amount of EAJA fees that counsel could have recovered.  (ECF No. 39, at 3.)  He suggested that the EAJA fee would have been $6,580.00, or $200 for each of 32.9 hours of labor, and after subtracting that amount from the sum withheld by the Commissioner, he requests $17,744 in attorney's fees.  (ECF No. 39, at 4.)  The Commissioner responded on March 13, 2023, calculating the *de facto* hourly rate slightly differently, but largely deferring to the Court's judgment.  (ECF No. 40.)

## III.   LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and

allow as part of the judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A).

That fee is capped, however, and may not exceed "25 percent of the total of the past-due benefits

to which the claimant is entitled." *Id.* Attorney fee awards under § 406(b) of the Social Security

Act are paid directly out of the plaintiff's past-due benefits to his attorney pursuant to the terms of

their contingency agreement. *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795-76 (2002);

*Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional

lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a

reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15-cv-949 (RJA), 2018 WL 5924747, at

*2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the

attorney's client's recovery.  They do not come, as they do in the EAJA context, from the public

fisc.").

The effect of § 406(b) "is threefold.  It fix[es] a maximum percentage for contingent fees;

[it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval

for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988)

(citations and internal quotation marks omitted).  Accordingly, when considering a fee application

under § 406(b), "a court's primary focus should be on the reasonableness of the contingency in the

context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a

social security case is the contingency percentage actually negotiated between the attorney and

client, not an hourly rate determined under lodestar calculation." *Wells II*, 907 F.2d at 371.

The Court is thus tasked with determining the reasonableness of a fee award under 42

U.S.C. § 406(b).  *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372.  The Court must

consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was

fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney.  *Wells II*, 907 F.2d at 372.

## IV.  APPLICATION

In this case, the Plaintiff's counsel seeks an award in the amount of $17,744, which represents approximately 25% of the total past-due benefits owed to the Plaintiff, subtracting what Plaintiff's counsel suggests is the maximum that she could have received had she moved for EAJA fees.  The Court will first address the EAJA reduction before proceeding to the remainder of the reasonableness and timeliness analysis.

Where an attorney fails to request EAJA fees, courts typically reduce their § 406(b) awards by the maximum amount that could have been recovered.  *See, e.g., Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-00155 (SALM), 2022 WL 1115099, at *3 (D. Conn. Apr. 14, 2022).  This is because the EAJA fees are returned to the plaintiff if and when counsel receives an award of § 406(b) fees.  *See Iliceto*, 1990 WL 186254 ("In short, filing for EAJA fees saves the plaintiff money.  If the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error."); *see also Dorta v. Saul*, No. 18-cv-396 (JLC), 2021 WL 776446, at *3 (S.D.N.Y. Mar. 1, 2021).  Plaintiff's counsel acknowledged that she did not file an EAJA petition and "does not dispute a reduction in [§ 406(b)] fees by the maximum amount of EAJA fees that counsel could have recovered."  (ECF No. 39, at 3.)  The parties are thus in agreement that the fee award in this case should be reduced by the maximum amount of EAJA fees that Plaintiff's counsel could have recovered but disagree on the amount.

Plaintiff's counsel suggests a reduction of $6,580.00 for 32.9 hours of labor, which would be an hourly rate of $200.  (*Id.*)  This reflects an understatement of the hourly rate that counsel would have billed had she made a timely EAJA application, as $200 an hour is low compared to

EAJA rates recently granted in this district.[4]   The Commissioner points out, however, that Plaintiff's counsel has included 3.35 hours of time billed after the window to apply for EAJA fees had closed, which would not have been compensable under the EAJA.   Thus, Plaintiff's counsel understates the rate she could have recovered, but overstates the number of hours.   Balancing these two considerations, the Court concludes that the proposed reduction of $6,580 is fair.   The Court will thus proceed with an analysis of the requested award of $17,744.[5]

Moving to the *Wells II* factors, it is undisputed that this requested amount does not exceed the statutory cap, especially given the reduction of recoverable EAJA fees.   In addition, there is no evidence of fraud or overreaching.   The Social Security Administration has not objected to the fee agreement or the amount of the award.   (ECF No. 40.)   Regarding windfall, the Court will adopt the Commissioner's calculation of the *de facto* hourly rate, which only includes those hours compensable under the EAJA.   *See Kimberly L. S. v. Saul*, No. 3:18-cv-01528 (SALM), 2021 WL 5937642, at *3 (D. Conn. Dec. 16, 2021).   Plaintiff's counsel spent a total of 29.2 attorney hours of work on the Plaintiff's case; thus, the *de facto* hourly rate is $607.67.   (ECF No. 40.)   The Commissioner does not contend that this constitutes a windfall to the attorney or is otherwise unreasonable.   (*Id.*)

---

[4]      *See, e.g.*, *Orlando R. v. Kijakazi*, 3:20-cv-1419-VLB (ECF Nos. 27-30) (approving $209.54 for work performed in 2020 and $217.72 for work performed in 2021); *Gibbs v. Kijakazi*, 20-cv-1909-SRU (approving $219.17 for all work performed 2020-21); *Nieves v. Saul*, 3:20-cv-676-MPS (ECF Nos. 20-21) (approving $211 an hour for all work performed in 2020-21).

[5]      The Court observes, for the sake of clarity, that counsel's requested award appears to contain a mathematical error.   Counsel's motion represents that the total past-due benefits awarded equal $97,296.00.   The Court arrived at $97,354.10 ($70,897.10 + $24,540.00 + $1,917.00).   Twenty-five percent of that number is $24,338.53, not the $24,324.00 that counsel suggests.   Finally, the correct twenty-five percent figure subtracted by $6,580 is $17,758.53, approximately $14 more than what counsel has requested.   Expecting that counsel has discussed $17,744.00 rather than $17,758.53 with her client, the Court will allow the lower sum.

The Second Circuit recently articulated the standards for determining whether there has been a windfall in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). In *Fields*, the Court stated that determining whether a fee request under § 406(b) is a windfall requires consideration of more than the *de facto* hourly rate. *Id.* at 854. Among the factors that a court must consider are "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or well-trained lawyers might take far longer to do." *Id.* In addition, a court must consider "the nature and length of the professional relationship with the claimant." *Id.* at 855. A third factor that a court must consider is "the satisfaction of the disabled claimant." *Id.* Finally, a court must consider "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.*

Applying the four *Fields* factors to this case, the Court concludes that the requested fee is reasonable. First, the Plaintiff's counsel is able and experienced. Attorney Spat has practiced law for over thirty years and has substantial experience litigating on behalf of social security applicants. *See* https://disabilityappeals.net/about/ (last visited Mar. 29, 2023). An overwhelming majority of her 116 cases in this District have been in Social Security appeals. Regarding the Plaintiff's counsel's efficiency, in her 29.2 hours spent on this case, she digested a 1,394-page administrative record, performed legal research, filed an eighteen-page brief and an eighteen-page statement of material facts, and secured a Sentence Four remand, which ultimately resulted in a favorable award to her client of past-due benefits. (ECF No. 18; ECF Nos. 26-28.) Although the Plaintiff initially appeared *pro se*, Attorney Spat ultimately performed the work which was necessary to advance the Plaintiff's position in this case. As such, the Plaintiff's counsel used her experience to be efficient here. Second, the Plaintiff's counsel had a successful and established professional relationship with the claimant that began on October 2, 2018 (ECF No. 18, at 182), and

8

encompassed the District Court appeal followed by agency level representation including a rehearing before an ALJ that resulted in a favorable decision.  *See Fields*, 24 F.4th at 855.

Third, regarding the Plaintiff's satisfaction, the Plaintiff stands to receive a substantial award of past-due benefits as well as ongoing monthly benefits.  (*See* ECF No. 39, at 1-2.)  The Plaintiff was awarded past-due benefits for himself and his minor children dating back to 2017.  (ECF Nos. 39-2, 39-4, 39-5.)  After counsel's fee is awarded, the Plaintiff will receive nearly $80,000.  As such, the Plaintiff's counsel's work under the contingent fee agreement ultimately resulted in a favorable award to her client.  In addition, similar to *Fields*, the claimant here, who has a direct financial stake in the fee determination, evidently has not objected to the requested fees, and neither has the defendant.  (ECF No. 40; *see Fields*, 24 F.4th at 855.)

Lastly, regarding the uncertainty of the result, Attorney Spat notes that "[a]ttorneys who take cases on contingency . . . defer[] payment of their fees until the case has ended and tak[e] upon themselves the risk that they will receive no payment at all."  (ECF No. 39, at 1 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 448-49 (1983) (Burger, J., concurring).)  The Court is well-aware that "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."  *Fields*, 24 F.4th at 856 (citing *Wells II*, 907 F.2d at 371).  The Plaintiff's counsel expended most of these 29.2 hours before it was certain that the government would stipulate to a remand.  (ECF No. 39-3); *see Stovall v. Berryhill*, No. 1:16-cv-05129 (NG), 2022 WL 798160, at *3 (E.D.N.Y. Mar. 16, 2022) (finding the hours spent before a stipulation of remand with the government evidenced an uncertain result and supported the reasonableness of the attorney's fee sought).  The result was also uncertain because it was denied several times at the agency level prior to the district court appeal.  (*See generally*, R. 1, 109, 140); *see Fields*, 24 F.4th at 856 (finding "[t]he success of the claim was

far from a sure thing, as evidenced by the fact that it was denied multiple times at the agency level").

In deciding whether the fees requested by the Plaintiff's counsel amount to a windfall, the Court considers the *de facto* hourly rate of $607.67 alongside the four (4) *Fields* factors.  This hourly rate is within the range of what has previously been accepted in this Circuit.  *See Yamile B. S.*, 2022 WL 1115099, at *3 (finding the hourly rate requested of $495.86 was significantly lower than other § 406(b) fee awards approved in this Circuit ranging from $785.30 to $891.61) (internal citations and quotations omitted); *Bate v. Berryhill*, No. 18-cv-01229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (discussing that "a substantial number of cases in this Circuit have also resulted in *de facto* hourly rates that exceed $1000").  Considering all these factors, the Court concludes that the fee requested by the Plaintiff's counsel does not amount to a windfall and is reasonable.

The remaining part of the *Wells II* analysis is whether the Plaintiff's counsel's § 406(b) Motion was timely filed.  Under the circumstances of this case, the parties conclude that it was, and the Court agrees.

Although § 406(b) does not contain a time limitation for filing fee applications, the Second Circuit has made clear that the fourteen-day (plus three days for mailing) filing deadline for attorney fee petitions in Federal Rule of Civil Procedure 54(d)(2)(B) "provides the applicable limitations period for filing § 406(b) motions."  *Sinkler v. Berryhill*, 932 F.3d 83, 87-88, 89 n.5 (2d Cir. 2019).  In reaching that conclusion, the Second Circuit explained that the limitations period prescribed in Federal Rule of Civil Procedure 54(d)(2)(B) applies "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award."

*Id.* at 88.  The fourteen-day limitations period begins to run "[o]nce counsel receives the notice of benefits award."  *Id.*

Here, the Plaintiff's first "Notice of Award" is dated October 25, 2022, and the Plaintiff's counsel filed her Initial Motion for fees on October 28, 2022.  (ECF No. 30.)  The Plaintiff's counsel acknowledged the fourteen-day window from *Sinkler* in her motion, and the Defendant agrees that the § 406(b) motion was filed within the appropriate timeline.  (ECF No. 37, 40.)  The Court concludes that the Plaintiff's motion was timely filed.

## V.   CONCLUSION

For the reasons set forth above, the Plaintiff's Second Amended Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 39) in the amount of $17,744.00 is **GRANTED**.  In light of same, the court denies as moot the Plaintiff's prior Motions for Attorney's Fees (ECF Nos. 33 and 36.)

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge